770 N.W.2d 676 (2009)
17 Neb. App. 818
STATE of Nebraska, appellee,
v.
Nicholas A. CERNY, appellant.
No. A-08-1316.
Court of Appeals of Nebraska.
July 28, 2009.
*677 Eric J. Williams, York County Public Defender, for appellant.
Jon Bruning, Attorney General, and Nathan A. Liss for appellee.
IRWIN, CARLSON, and MOORE, Judges.
IRWIN, Judge.

I. INTRODUCTION
Nicholas A. Cerny appeals the sentence imposed by the district court for York County, Nebraska, upon his no contest plea to attempted first degree sexual assault. On appeal, Cerny alleges that the period of incarceration imposed, 5 to 10 years, was excessive and that there was no basis for imposing a restitution order of $666.78. We find no merit to the first assertion, but strike the restitution order in accordance with the State's agreement that such order was improperly included in the written sentencing order.

II. BACKGROUND
This case arises out of an incident in which Cerny, then 20 years of age, engaged in oral and vaginal sexual penetration with the victim, then 15 years of age. Cerny pled no contest to an amended charge of attempted first degree sexual assault. The district court sentenced Cerny to 5 to 10 years' imprisonment. In addition, although the oral pronouncement of sentence made no mention of restitution, the court included in its written judgment an order of restitution in the amount of $666.78 "for distribution to the victim's mother." This appeal followed.

III. ASSIGNMENTS OF ERROR
On appeal, Cerny has assigned two errors. First, Cerny asserts that the term of incarceration imposed was excessive. Second, Cerny asserts that the restitution order was improper.

IV. ANALYSIS

1. EXCESSIVE SENTENCE
We find no merit to Cerny's assertion that the sentence imposed was excessive. Cerny pled no contest to a Class III felony offense, punishable by a minimum of 1 year's imprisonment and a maximum of 20 years' imprisonment, a $25,000 fine, or both. See Neb.Rev.Stat. §§ 28-319, 28-201(4)(b), and 28-105 (Reissue 2008). The underlying offense involved sexual penetration between Cerny, who was then 20 years of age, and a victim, who was then 15 years of age.
Although Cerny had a minimal criminal record prior to this offense and although the presentence investigation report indicated that Cerny was at a low risk to reoffend, in light of the nature of the offense *678 we do not find any abuse of discretion by the court in imposing a sentence that was well within the statutory limits. This assignment of error is without merit.

2. RESTITUTION ORDER
We modify the written order of sentence to strike the order of restitution in the amount of $666.78. There was no restitution hearing, there was no evidence adduced to demonstrate the propriety of the amount included in the order, and there was no mention of restitution in the oral pronouncement of sentence. The State agrees on appeal that the restitution portion of the order was improper and has joined Cerny in requesting that it be stricken from the written sentencing order.

V. CONCLUSION
We find no merit to Cerny's assertion that the term of incarceration imposed was excessive. We modify the written sentencing order to strike the order of restitution in the amount of $666.78.
AFFIRMED AS MODIFIED.